IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

| | |
|---|---|
| VINCENT EPPS,              : | |
|       Petitioner,       : | |
| : | CASE NO: 4:05-CV-136  CDL |
| VS.                         : | |
| : | Proceedings Under 28 U.S.C. § 2254 |
| CALVIN MORTON, WARDEN, and  : | Before the U.S. Magistrate Judge |
| JAMES DONALD, Commissioner  : | |
| : | |
|       Respondent.      : | |

### **REPORT AND RECOMMENDATION**

Before the court is Respondent's Motion to Dismiss Petition As Untimely, which was filed on February 6, 2006.     Petitioner Vincent Epps is currently serving a life sentence in the D. Ray James Correctional Facility in Folkston, Georgia.  Petitioner was convicted of two counts of voluntary manslaughter on February 9, 1999.  Petitioner Johnson timely filed a direct appeal to the Georgia Court of Appeals which affirmed his convictions and sentence on February 2, 2001.[1]  On April 30, 2002, the Petitioner filed a state habeas corpus petition in the Charlton County Superior Court, which was denied on October 20, 2004.  The Petitioner thereafter filed an out of time application for certificate of probable cause to appeal with the Georgia Supreme Court which was denied on October 3, 2005.  His Motion for Reconsideration was denied on November 7, 2005. On November 17, 2005, Petitioner Epps

---

[1] In its Brief in Support of Motion to Dismiss, the Respondent notes that the Petitioner filed a writ of certiorari in the Georgia Supreme Court which was granted and that Petitioner's convictions were thereafter affirmed on October 15, 2002.  However, the case cited by the Respondent regarding that statement referenced a different person.  The court finds no record of this Petitioner having filed a writ of certiorari with the Georgia Supreme Court.

filed his present § 2254 petition.  The Respondent filed his Answer and Motion to Dismiss on February 6, 2006.

## The AEDPA Period of Limitations

The Anti-Terrorism and Effective Death Penalty Act (hereinafter "AEDPA") was enacted primarily to put an end to the unacceptable delay in the review of prisoners' habeas petitions.  **"**The purpose of the AEDPA is not obscure.  It was to eliminate the interminable delays in the execution of state and federal criminal sentences, and the shameful overloading of our federal criminal justice system, produced by various aspects of this Courts habeas corpus jurisdiction."  *Hohn v. United States,* 524 U.S. 236, 264-65, 118 S.Ct. 1969 (1998).  The AEDPA, which became effective on April 24, 1996, therefore instituted a time bar as follows:

> (1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of -
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;. . . .
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

(28 U.S.C. § 2244(d).

Under that statute, the limitation period begins to run on "the date on which the judgment became final by the conclusion of **direct review** or the expiration of the time for seeking such review."  28 U.S.C. § 2244(d)(a)(A). (emphasis added).   In *Kaufmann v.*

*United States,* 282 F.3d 1336 (11th Cir. 2002), *cert. denied,* 123 S. Ct. 286 (2002), the Eleventh Circuit Court of Appeals joined other Circuits in holding that the AEDPA provides, *inter alia,* that a habeas petition may not be filed more than one year from the "date on which the judgment becomes *final." Id.* at 1339. The *Kaufmann* Court stated:

> We are persuaded by the fact that the Supreme Court has expressly defined when a conviction becomes "final," albeit prior to the enactment of AEDPA. *See Griffith v. Kentucky,* 479 U.S. 314, 107 S. Ct. 708 (1987). In *Griffith,* the Court stated: "By *final,* we mean a case in which a judgment of conviction has been rendered, that availability of appeal exhausted, and the time for a petition for certiorari elapsed or a petition for certiorari finally denied." *Id.* at 321 n.6, 107 S. Ct. 708 (emphasis added).

*Id.* at 1338.

Respondent is correct in that Petitioner's instant petition is untimely under 28 U.S.C. § 2244(d). Pursuant to Georgia Supreme Court Rule 38(1), Petitioner had 10 days after judgment in the Court of Appeals, on February 2, 2001, within which to file an application for *writ of certiorari*. Since Petitioner did not seek certiorari to the Georgia Supreme Court, his judgment of conviction became final on February 12, 2001, which was the day following the 10 day period to seek certiorari from the denial of his direct appeal pursuant to Georgia Supreme Court Rule 38(1).[2] Therefore, the AEDPA statute of limitations began to run on Petitioner's § 2254 action on February 13, 2001.

The Eleventh Circuit Court of Appeals has held that "[a] state court petition that is

---

[2] Because the Petitioner failed to file a *writ of certiorari* to the Georgia Supreme Court, there is no reason to apply the ninety days Petitioner would have had to apply for certiorari to the U.S. Supreme Court.

filed following the expiration of the limitations period cannot toll that period because there is no period remaining to be tolled." *Webster v. Moore*, 199 F.3d 1256, 1299 (11th Cir. 2000). Thus, Petitioner's State Habeas action, filed on April 30, 2002, was filed more than two months beyond the federal limitations period. See *Tinker v. Moore,* 255 F.3d 1331, 1334, *cert. denied* 534 U. S. 1144, 122 S.Ct. 1101 (2002) (prisoner's motion for post-conviction relief in state court, filed one year and four months after judgment of robbery conviction became final, did not toll one year limitation of AEDPA).

THEREFORE, IT IS RECOMMENDED that Respondent's Motion to Dismiss Petitioner's Application to this Court for Habeas Relief under 28 U.S.C. § 2244(d) be **GRANTED**, and Petitioner's action be **DISMISSED.** Pursuant to 28 U.S.C. § 636 (b)(1), the parties may serve and file written objections to this Recommendation with the UNITED STATES DISTRICT JUDGE WITHIN TEN (10) DAYS after being served with a copy hereof.

**SO RECOMMENDED,** this 17th day of March, 2006.

S/G. MALLON FAIRCLOTH<br>
UNITED STATES MAGISTRATE JUDGE

sWe